UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CORY A. GARRIES,                    :
                                    :
        Petitioner,                 :   Civ. No. 18-17497 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN S. YOUNG,                    :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Cory A. Garries, No. 70086-056
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

Anne B. Taylor, Esq.
John Andrew Ruymann, Esq.
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

Petitioner Cory A. Garries, a prisoner presently confined at the Federal Correctional Institution ("FCI") at Fairton in Fairton, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his conviction on the ground that he is actually innocent, citing newly discovered evidence that is attached to the Petition. ECF No. 1. Respondent filed a Motion to Dismiss the Petition in which he argues that the Petition should be dismissed for lack of jurisdiction. ECF No. 8. Petitioner has filed no opposition to

the Motion to Dismiss. The Motion is now ripe for disposition. For the reasons that follow, the Court will grant the Motion but transfer the Petition to the U.S. District Court for the Eastern District of North Carolina, Petitioner's sentencing court, for consideration as to whether it may be brought there pursuant to 28 U.S.C. § 2255(f)(4) based on newly discovered evidence.[1]

I. BACKGROUND

Petitioner pled guilty in 2006 to a criminal information charging him with sexual abuse. See United States v. Garries, 271 F. App'x 322 (4th Cir. 2008); see also No. 06-cr-9, ECF No. 32 (minute entry), 34 (plea agreement) (E.D.N.C.). He is presently serving a twenty-year sentence, imposed as a result of a four-level enhancement applied by the sentencing court. See id. After his conviction, Petitioner filed an appeal of his sentence, which was denied. See No. 06-cr-9, ECF No. 86 (mandate) (E.D.N.C.). Petitioner's projected release date via good conduct time release is June 25, 2023. See ECF No. 8-1.

In the Petition, Petitioner contends that recently discovered evidence as well as interviews conducted by an investigator during the course of his prosecution establish that he is actually innocent of the charged crimes. ECF No. 1.

---

[1] Section 2255(f)(4) provides an additional one-year limitations period to bring a § 2255 motion based on newly discovered evidence.

Petitioner, relying on 28 U.S.C. § 2241, seeks to vacate his conviction due to this newly discovered evidence showing that he is factually innocent of his crime. Specifically, Petitioner includes with the Petition a notarized statement dated February 5, 2018, by Joshua Leiger, the ex-husband of the woman whom Plaintiff pled guilty to sexually assaulting. Id. Petitioner also contends that the extent of available evidence showing his factual innocence, much of which exists in the form of statements and interviews gathered by an investigator during the pendency of Petitioner's criminal proceeding and also attached to his Petition, and his attorney's failure to rely upon that evidence, demonstrate that he did not received effective assistance of counsel. Id. Petitioner seeks to have these claims of factual innocence and ineffective assistance of counsel heard pursuant to 28 U.S.C. § 2241. See id.

Since filing the instant Petition in December 2018, Petitioner has also filed a motion pursuant to 28 U.S.C. § 2255 in his sentencing court. See No. 06-cr-9, ECF No. 93 (E.D.N.C.). No answer has been filed yet in that proceeding.

II. DISCUSSION

A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B.  Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought

under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  Dorsainvil, 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition only if Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that an intervening change in substantive law may negate his conviction. Instead, his claim of factual innocence of counsel fall squarely within the purview of § 2255: "Section 2255 expressly contemplates [a factual innocence] situation by permitting a petitioner who believes that he has new evidence establishing his innocence to pursue a successive § 2255 motion on that basis." Russell v. Warden Allenwood FCI, 639 F. App'x 891, 893 (3d Cir. 2016). His factual innocence claim is only cognizable under § 2255 in his district of conviction and not under § 2241 in this district, his district of confinement. See Russell, 639 F. App'x at 893 ("[W]hatever the precise limits of the safety valve . . . it does not permit resort to § 2241 in order to assert a claim that is squarely within the purview of § 2255."). Petitioner can still seek relief and litigate his claims in his district of

conviction via a § 2255 motion.  Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court will transfer the Petition to the U.S. District Court for the Eastern District of North Carolina, Petitioner's sentencing court, for consideration as to whether the Petition may be brought to 28 U.S.C. § 2255 because it appears that Petitioner can satisfy the timeliness requirements of § 2255(f) based on his assertion of newly discovered evidence appended to the Petition.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the Petition brought pursuant to 28 U.S.C. § 2241 will be granted and the Petition will be transferred to Petitioner's sentencing court, the U.S. District Court for the Eastern District of North Carolina, for consideration as to whether the petition should be construed as one pursuant to 28 U.S.C. § 2255.  An appropriate order will be entered.

Dated: October 4, 2019     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.